**Merrick Bush, Defendant in Error, v. Farrington Automobile Company, Plaintiff in Error.**

**Gen. No. 21,150.  (Not to be reported in full.)**

Error to the Municipal Court of Chicago; the Hon. John A. Mahoney, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Affirmed. Opinion filed March 9, 1916.

### Statement of the Case.

Action by Merrick Bush, plaintiff, against Farrington Automobile Company, defendant, for commissions due plaintiff on account of sales of automobiles. From a judgment in favor of plaintiff, defendant brings error.

Plaintiff claimed commissions due him as salesman on three separate sales. One of the sales was to a man named Erncke, on which sale plaintiff claimed,

and defendant admitted, a balance of $50 due plaintiff. Another sale was to a man named Blair, on which sale plaintiff claimed a commission of $127.50. The third sale was to a man named Tydings, on which sale plaintiff claimed that defendant agreed to pay him "$100 if defendant should be able to enforce the sale, or $50 if the deal did not go through." The defendant denied owing plaintiff anything on the Blair and Tydings sales and claimed a set-off of $131.30 for the expense of making repairs on a certain car which had been damaged because of the unskilful driving of the same by a prospective customer, during a "demonstration" of the car, permitted by plaintiff. The case was tried before a jury who returned a verdict for plaintiff in the sum of $210, upon which verdict judgment against the defendant was entered. Both counsel agreed that the jury in arriving at their verdict allowed plaintiff $50 on the Erncke sale, $110 on the Blair sale and $50 on the Tydings sale, and disallowed, *in toto,* defendant's claim of set-off. Plaintiff was the only witness on his own behalf in making his case in chief. The principal witness for defendant was William H. Farrington, president of defendant. The testimony of these two witnesses was very conflicting on material points. A bookkeeper of defendant and an employee of defendant in its repair department also testified for defendant. Plaintiff and two other witnesses in his behalf gave testimony in rebuttal.

McARDLE & McARDLE, for plaintiff in error.

GUERIN & BARRETT, for defendant in error.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

## Abstract of the Decision.

1. EVIDENCE, § 475*—*when preponderance of evidence is in favor of plaintiff.* Where plaintiff's testimony is overcome by the testimony of one witness for defendant on many material points, it cannot be said that the preponderance of evidence is not in favor of the plaintiff.

2. EVIDENCE, § 476*—*what does not constitute weight of evidence.* The mere fact that more witnesses testify on one side than on the other does not, of itself, determine the weight of evidence.

3. SET-OFF AND RECOUPMENT, § 40*—*when evidence insufficient to establish claim of set-off.* In suit by an automobile salesman for commissions due him, evidence *held* sufficient to sustain a finding disallowing a claim of set-off for expense of making repairs on a certain car, alleged to be due to the unskilful driving of the same by a prospective customer during a "demonstration" of the car.